# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| REBECCA A. ROHRER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PASKIN & OBERWETTER LAW OFFICES LTD,<br><br>Defendant. | Case No. 1:20-cv-01651 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, REBECCA A. ROHRER, individually and on behalf of others similarly situated, by and through her undersigned counsel, complaining of Defendant, PASKIN & OBERWETTER LAW OFFICES LTD, as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. REBECCA A. ROHRER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. PASKIN & OBERWETTER LAW OFFICES LTD ("Defendant") is a debt collection firm that describes itself as "being firmly dedicated to the practice of collection law for the past 30 years." [1]

7. Defendant maintains a principal place of business at 404 Glenway Street, Madison, WI 53711.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. Plaintiff lived at the Greenbriar Village apartment complex for countless years.

10. Plaintiff always paid her rent on time and never had issues with management.

11. Due to an unforeseen life event Plaintiff was forced to break her lease in late 2019 ("subject debt").

12. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Eventually, the subject debt was eventually placed with Defendant for collection.

14. On or around September 23, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

15. Defendant's Letter depicted, in pertinent part, as follows:

**Intentionally Left Blank**

---

[1] http://www.polaw.com/aboutus.html (last accessed on October 30, 2020)

> **Paskin & Oberwetter**
> Law Offices, Ltd.
> P.O. Box 151, Madison, WI 53701-0151
> (608)255-6961 - (800)993-3287
>
> PO Box 151
> Madison, WI 53701-0151
>
> 09/23/20
>
> Rebecca Rohrer
> 750 Matheson St Apt 8
> Waupaca, WI 54981-2111
>
> Client: GREENBRIAR VILLAGE
> Firm File#: 329585
> Account #: 226 RANDOLPH DR
> Reference Date: 03/29/20
> Total Balance Due: $4,594.16
>
> **DEMAND FOR PAYMENT**
>
> Before proceeding further to collect the above-noted debt we are extending you the opportunity to pay the Total Balance Due. Please use the enclosed envelope for mailing this letter and your check or money order (do not send cash) to Paskin & Oberwetter Law Offices, Ltd. P.O. Box 151 Madison, WI 53701. Secure online payments can be made at www.polaw.com or if you prefer to pay by phone please call **1-877-208-3240**. The Total Balance Due shown above includes any interest or costs that may have been added as permitted by law as of the date of this letter. This law firm furnishes data to credit reporting agencies, however no report is transmitted to said agencies within 30 days of the date of this letter.
>
> Please contact us at 608-255-6961 or 800-993-3287 if you would like to discuss this debt. Please refer to firm file# 329585 when calling. We promise to be fair and reasonable with you. At this time, an attorney may or may not have personally reviewed the particular circumstances of your account. Thank you.
>
> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST IN WRITING, WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

16. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

18. Specifically, Defendant's Letter identified "Greenbriar Village" as a "client" but did not identify the **current creditor or** any **creditor** at all**.**

19. Defendant's Letter confused Plaintiff as she was unable to determine if the "client," Greenbriar Village, was also the current creditor.

20. In other words, just because Greenbriar Village may have been the original creditor does not necessarily mean that it is also the **current creditor.**

3

21. Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be made directly to Defendant, and not Greenbriar Village.

22. Defendant's Letter was additionally confusing because it did not conspicuously identify Greenbriar Village as Defendant's "client," thus further obscuring the identity of the **current creditor.**

23. Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

24. This language raised the possibility that the subject debt could have been sold, but did not clarify who actually owned the subject debt.

25. Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether Greenbriar Village, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

## DAMAGES

26. Congress enacted the FDCPA to "rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

27. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

28. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph*

*P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

29. Being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm . See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

30. Although the Letter identifies Greenbriar Village as the "client," the Letter fails to identify Plaintiff's current creditor or a creditor at all.

31. The confusing language in Defendant's Letter impacted Plaintiff's decision to pay the subject debt as Plaintiff was deprived of her right to receive critical information required by the FDCPA.

32. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLASS ALLEGATIONS

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

35. The Putative Class is defined as follows:

> All natural persons residing in the State of Wisconsin (a) that received a correspondence from Defendant; (b) attempting to collect a consumer debt placed by Greenbriar Village with Defendant for collection; (c) that failed to conspicuously identify the current creditor; (d) within the one (1) year preceding the date of this complaint through the date of class certification.

36. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity:

37. Upon information and belief, Defendant mailed hundreds of similar letters to consumers in Wisconsin.

38. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

39. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B. Commonality and Predominance:

40. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality:

41. Plaintiff's claims are representative of the claims of other members of the Putative Class.

42. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class received the same letter and are thus entitled to the same damages.

**D.  Superiority and Manageability:**

43. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation:**

47. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

49. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## **CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692** *et seq.***)**
**On behalf of Plaintiff and members of the putative class**

50. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

## Violation(s) of 15 U.S.C. § 1692g

51. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

- (1) the amount of the debt;

- (2) **the name of the creditor to whom the debt is owed**;

- (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

- (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

- (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

52. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

53. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

54. Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** or a **creditor** to whom the debt is owed.

8

55. As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether Greenbriar Village, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

56. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

57. Assuming, arguendo, that Greenbriar Village is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.,* 948 F.3d 761, 765 (7th Cir. 2020).

58. Plaintiff may enforce the provisions of 15 U.S.C.§1692g(a)(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order certifying the proposed class and the appointment of Plaintiff as the class representative;

B. a finding that Defendant violated 15 U.S.C. §1692g(a)(2);

C. an injunction prohibiting Defendant from sending similar unlawful collection letters to consumers;

D. an award of statutory damages in the amount of $1,000 to Plaintiff;

E. an award of statutory damages in the amount of $1,000 to each putative class member;

F. an award to Plaintiff for her reasonable attorney's fees and costs;

G. any further relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 30, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　REBECCA A. ROHRER
　　　　　　　　　　　　　　　　　　　　　By: */s/ Victor T. Metroff*

　　　　　　　　　　　　　　　　　　　　　Victor T. Metroff, Esq.
　　　　　　　　　　　　　　　　　　　　　Mohammed O. Badwan, Esq.
　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　(630) 575-8180
　　　　　　　　　　　　　　　　　　　　　vmetroff@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　mbadwan@sulaimanlaw.com